IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DARNELL VEAL,                              )
                                           )
            Plaintiff,                     )
                                           )
vs.                                        )    Case No. 18−cv–0621−MJR
                                           )
ILLINOIS DEPARTMENT OF                     )
CORRECTIONS,                               )
ROBINSON CORRECTIONAL CENTER,              )
DAVID RAINS,                               )
PHILLIP B. MARTIN,                         )
VIPEN SHAH,                                )
MONICA A. CARRELL,                         )
BEAN, and                                  )
WEXFORD MEDICAL E.C.T.                     )
                                           )
            Defendants.                    )

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Darnell Veal, a former inmate of Robinson Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks monetary damages and injunctive relief.[1] This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

---

[1] Plaintiff recently filed a change of address, noting that he had been released from prison. As he is no longer incarcerated at Robinson, injunctive relief is not available to him.." *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004). *See also Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1995).

1

> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

## **The Complaint**

Plaintiff alleges that he has a tumor and suffers from back and neck pain and arthritis. (Doc. 1, pp. 8-10). Dr. Shah ignored his tumor, failed to order CAT scans, an MRI, or a biopsy, or refer Plaintiff to a specialist. (Doc. 1, p. 8). Martin also overlooked Plaintiff's complaints regarding his tumor. *Id*. The tumor continues to grow. (Doc. 1, p. 9). Wexford staff also overlooked the growing "structure" of the tumor. *Id*.

Plaintiff also alleges that Shah ignored his complaints of pain and discomfort for 2 years, until Plaintiff was diagnosed with osteoarthritis on September 1, 2017. *Id*. Plaintiff also

complained to Bean on April 29, 2018[2] about his pain, but Bean refused to provide him with any medical care. (Doc. 1, p. 8).

Rains and Carrell both ignored Plaintiff's grievances regarding his health care treatment. (Doc. 1, p. 10).

**Discussion**

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into 3 counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The following claims survive threshold review:

> **Count 1** – Shah, Martin, Rains, and Carrell were deliberately indifferent to Plaintiff's tumor in violation of the Eighth Amendment;
>
> **Count 2** – Shah, Rains, and Carrell were deliberately indifferent to Plaintiff's back pain and/or osteoarthritis in violation of the Eighth Amendment;
>
> **Count 3** – Bean was deliberately indifferent to Plaintiff's request for medical attention on a single occasion in violation of the Eighth Amendment.

As an initial matter, some Defendants must be dismissed before the Court will address the merits of Plaintiff's claims. Plaintiff has listed (although not made allegations against) the Illinois Department of Corrections and Robinson Correctional Center in his case caption. Plaintiff cannot maintain his suit against the Defendant Illinois Department of Corrections, because it is a state government agency. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections

---

[2] The Court presumes this date is a typo as the Complaint was filed in March 2018.

is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 218, 220 n. 3 (7th Cir. 1990) (same).

Likewise, Robinson Correctional Center, which is a division of the Illinois Department of Corrections, is not a "person" within the meaning of the Civil Rights Act, and is not subject to a § 1983 suit. *See Will*, 491 U.S. at 71. For these reasons, Defendants Robinson Correctional Center and Illinois Department of Corrections are dismissed from this action with prejudice.

Moreover, Plaintiff's sole allegation against Wexford is that its staff overlooked his tumor. Wexford cannot be held liable for the actions of their staff. This is a respondeat superior theory of liability, and it is inapplicable to § 1983 litigation. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). Plaintiff makes no allegation that any individual defendant acted or failed to act as a result of an official policy espoused by Wexford. *See Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004) (corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the violation). Therefore, Wexford will also be dismissed from this action with prejudice.

Plaintiff's claims raise allegations of deliberate indifference. Prison officials impose cruel and unusual punishment in violation of the Eighth Amendment when they are deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016). In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he 1) suffered from an objectively serious medical condition; and 2) that the defendant was deliberately indifferent to a risk of serious harm

from that condition. *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016). An objectively serious condition includes an ailment that has been "diagnosed by a physician as mandating treatment," one that significantly affects an individual's daily activities, or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). The subjective element requires proof that the defendant knew of facts from which he could infer that a substantial risk of serious harm exists, and he must actually draw the inference. *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

"Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted); *see also Farmer v. Brennan*, 511 U.S. 825, 842 (1994). The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Deliberate indifference may also be shown where medical providers persist in a course of treatment known to be ineffective. *Berry v. Peterman*, 604 F.3d 435, 441-42 (7th Cir. 2010); *Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005).

Here, Plaintiff has alleged that he suffers from a tumor and chronic pain (possibly caused by osteoarthritis). The Court will presume at the pleading stages that Plaintiff suffers from serious medical needs. Plaintiff has also alleged that his condition was ignored by the Defendants and that he was not given the medical treatment that he needed. As the pleading stages, Plaintiff has adequately alleged deliberate indifference claims against the Defendants. **Counts 1-3** shall therefore be allowed to proceed in this lawsuit.

**Pending Motions**

Plaintiff's Motion for Recruitment of Counsel will be referred to United States Magistrate Judge Stephen C. Williams. (Doc. 3).

Plaintiff's Motion for Service of Process at Government Expense is denied as moot. (Doc. 4). Plaintiff has been granted leave to proceed IFP in this case. Fed. R. Civ. P. 4 requires the Court to order service if a plaintiff is authorized to proceed IFP. Plaintiff's motion is unnecessary.

**Disposition**

**IT IS HEREBY ORDERED** that **Counts 1-3** survive threshold review against Rains, Martin, Shah, Carrell, and Bean. Defendants Illinois Department of Corrections, Robinson Correctional Center, and Wexford Medical E.C.T. are **DISMISSED with prejudice**. Plaintiff's Motion for Service of Process at Government Expense is **DENIED** as **MOOT**. (Doc. 4).

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Rains, Martin, Shah, Carrell, and Bean: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the

Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Stephen C. Williams for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 15, 2018**

    **s/MICHAEL J. REAGAN**
**Chief U.S. District Judge**